Ross, C. J.
This appeal is frdm a judgment rendered against the estate of Plenrietta Peaslee, deceased, upon an account for medicines furnished and professional services rendered decedent by appellee.
The overruling of appellant’s motion for a new trial is the only error assigned in this court.
Counsel for appellant insist that the finding of the court is not sustained by sufficient evidence; that the evidence shows that at the time the medicines were furnished and services rendered, the decedent was a married woman; that appellee charged the items of the account on his books to decedent’s husband, and further, that the evidence fails to establish that decedent expressly agreed to pay appellee, upon the faith of which the goods were furnished and the services rendered.
Under the common law, a husband is bound to support and maintain his wife, providing her with necessary lodging, clothes and subsistence; and, in case of sickness, furnish her with medicines and medical attendance, and we know of no provision of our statute which relieves him from this obligation. Because the husband fails to make proper provision for his wife’s support and comfort, does not compel her to suffer for want thereof, for she may pledge his credit and procure necessaries, and he is liable therefor.
At common law, the wife could make no contracts without the consent of her husband, which would bind her separate estate, but in this State her disabilities have been removed, and she may contract with reference to her separate estate without her husband joining. Section 6960, R. S..1894.
*455 So site may contract for the necessaries which her husband is bound to furnish her, and if she promised to pay for the same, and they were furnished upon her credit, she is liable therefor.
It is not claimed by counsel for appellee that decedent’s husband was not bound to furnish her the medicines and attention embraced in the account, but that she having received them, the law implies a promise on her part to pay therefor. Such would be the rule were the items of the account for things which the husband is not bound to furnish for the support and maintenance of the wife, but when the goods are the necessaries which the law obligates him to furnish, and for the procurement of which she may pledge his credit, no such presumption arises, and in order to bind her they must have been furnished on her credit, coupled with a promise on her part to pay therefor.
The serious question that presents itself for our decision is, whether or not there is any evidence to establish a promise on the part of the decedent to pay appellee, and we are free to confess that we are not without misgivings in concluding that there is evidence to sustain such a finding. Considering together, however, the evidence of the witnesses Elizabeth Riggs and John II. O’Neal, sister and brother of the deceased, wherein the former testified that decedent told appellee "that she wanted him paid,” and the latter that he "heard her say ■that she would pay the doctor, ’ ’ we must hold that there is evidence to sustain the court’s finding that the decedent promised to pay appellee.
It is next urged that the damages assessed are excessive. In this contention we must concur. It is undisputed that decedent paid appellee twenty-five dollars which the witness testified "covered the charge for amputation of the toe.” The charge in the account for the *456 amputation is ten dollars, and each of the witnesses who-testified on that subject testified that that was what the services were worth, hence to that amount the assessment is excessive.
Filed Dec. 11, 1894;
remit Jan. 8, 1895.
It is therefore ordered that the appellee remit ten dollars of his judgment within thirty days from this day, in which event the judgment, when so reduced, is affirmed, at the cost of appellee. But if appellee shall fail to remit ten dollars of said judgment within the time above stated, the judgment of the court below is reversed,, with instructions to grant a new trial.